UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**MAIYA WADUD,**   **TRANSFER ORDER**
   19-CV-6501 (AMD) (SJB)
          Plaintiff,

      -against-

**AMERICOLLECT,**

          Defendant.
------------------------------------------------------------x
**ANN M. DONNELLY,** United States District Judge:

      On October 18, 2019, the *pro se* plaintiff filed this action in the Superior Court of New Jersey, Essex County disputing a $3,000 debt she purportedly owes to the defendant and raising claims under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.  (ECF No. 1-1.)

      On November 18, 2019, the defendant removed the action to the Eastern District of New York.  (ECF No. 1.)  On April 24, 2020, Judge Bulsara ordered the defendant to show cause why removal to this district was proper given that the underlying action was filed in a New Jersey state court.  On April 27, 2020, the defendant asked the Court to transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a), on the grounds that the action was removed to this district due to a clerical error, and that venue in the District of New Jersey is proper.  (ECF No. 9.)  The plaintiff consents to the transfer.  (*Id*. at 2.)

      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  When an action is brought in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case

1

to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Having reviewed all of the materials submitted by the parties to date, I find that transfer to the District of New Jersey is proper. Under Section 1441(a), the plaintiff's state court action should have originally been removed to the District of New Jersey. "Removal of an action to a wrong district is not a jurisdictional defect, but is 'akin to an improper venue situation' which may be remedied by transferring the action to the proper district." *Corp. Visions, Inc. v. Sterling Promotional Corp.*, No. 00-CV-4663, 2000 WL 33217350, at *1 (E.D.N.Y. Aug. 16, 2000) (quoting *Mortensen v. Wheel Horse Prods., Inc.,* 772 F. Supp. 85, 89 (N.D.N.Y. 1991)). Given that the plaintiff originally brought this action in New Jersey state court, neither party resides in this district[1], both parties consent to transfer this case to the District of New Jersey and none of the events described in the complaint appear to have taken place in this district, this Court is not the proper forum for this action. *See, e.g., Cardona v. Mohabir*, No. 14-CV-1596, 2014 WL 1088103, at *1 (S.D.N.Y. Mar. 18, 2014) ("Thus, it is only to the district where the state action is pending, i.e. the District of Connecticut, to which the action may be properly removed.").

Accordingly, in the interest of justice, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of New Jersey, Newark Vicinage, and close this case. *See* 28 U.S.C. § 1406(a). The provision of Local Rule 83.1 which requires a seven day stay is hereby waived. No further summonses will issue from this Court.

---

[1] The plaintiff appears to have originally resided in this district, but according to the defendant has since moved to the District of New Jersey.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

          s/Ann M. Donnelly
          ―――――――――――――――――
          ANN M. DONNELLY
          United States District Judge

Dated: Brooklyn, New York
       May 4, 2020